IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ROMESHIA BURTON,<br><br>                    *Plaintiff*<br><br>     v.<br><br>REGIONS BANK (INC.) (ALABAMA),<br><br>                    *Defendant* | Civil Action File No.   `2:11-cv-199-WCO` |

## COMPLAINT FOR DAMAGES

Plaintiff Romeshia Burton files this Complaint against her former employer Defendant Regions Bank (Inc.) (Alabama) pursuant to the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*, showing the Court as follows:

1.  The Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.  Defendant may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Corporation Service Company. After service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

- 1 -

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a corporation that is deemed to reside in this judicial district under 28 U.S.C. § 1391(c) and a substantial part of the events giving rise to Plaintiff's claim against Defendant occurred in this district.

4.  Venue in the Gainesville Division of the Northern District of Georgia is proper because all or part of the activity at issue occurred within this division.  LR 3.1 B.(3), NDGa.

5.  Plaintiff was employed by Defendant as a bank teller at Defendant's Jefferson, Jackson County, Georgia location from approximately September 2008 until June 29, 2010.

6.  At all times relevant to this Complaint, Defendant has been an Alabama corporation but has maintained offices and conducted substantial business in Georgia.  Defendant registered with the Georgia Secretary of State to do business in Georgia in 1997and has remained so registered since that time.

7.  Defendant is and was at all times relevant to this Complaint an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

8.  Defendant provides traditional banking products and services, as well as trust, asset management, mortgage banking, and securities brokerage and insurance in Georgia and more than a dozen other states.

9. Defendant is an enterprise engaged in interstate commerce pursuant to §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B), because its annual gross sales or business done exceeds $500,000.00 and its "employees engage[] in commerce" or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

10. Defendant is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

11. Throughout her employment by Defendant, Defendant classified Plaintiff as non-exempt from the FLSA's overtime requirements, and Plaintiff was Defendant's "employee" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e). Until her termination, Defendant paid Plaintiff an hourly wage.

12. Plaintiff's primary duties while employed by Defendant were to assist customers with their banking needs, including opening and closing the bank branch, counting money, maintaining the cashier's drawer, performing bank transactions (including withdrawals and deposits), offering and selling financial products and services, and handling other customer service requests.

13. Plaintiff was not employed by Defendant in an executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a)(1) and was not subject to any

other exemptions contained in the FLSA or in any regulations interpreting the FLSA during her employment.

14. During her employment, Defendant required or permitted Plaintiff to work overtime, i.e., in excess of 40 hours per week.

15. Defendant failed to pay Plaintiff for all overtime worked.

16. Throughout Plaintiff's employment, Defendant, through its agents and employees, refused to permit Plaintiff to record all hours worked, including hours in excess of forty per work week; erased or modified Plaintiff's recorded hours; provided "comp time" in lieu of paying overtime for hours worked in excess of 40 per week; and required Plaintiff to work during uncompensated breaks.

17. Defendant could have easily and accurately recorded the actual time Plaintiff worked by, for example, providing a punch card clock at the door of the retail branches. Defendant, however, had no accurate time-keeping system during Plaintiff's employment.

18. Defendant failed to provide accurate wage statements to Plaintiff identifying all hours she worked during her employment.

19. Under 29 U.S.C. § 211(c) and U.S. Department of Labor Regulations issued in furtherance of that statute, Defendant has a duty to maintain and preserve accurate payroll and other employment records.

20. Prior to Plaintiff's termination, Plaintiff raised her concerns about Defendant's improper and illegal overtime practices to Valerie Wilgus, Defendant's "Human Resources Specialist," during an in-person meeting in Jefferson, Georgia, on or about March 10, 2010. Plaintiff specifically told Wilgus during that meeting that she had not been paid any overtime compensation for an 8-hour staff meeting that occurred in February 2009.

21. Ms. Wilgus told Plaintiff that Defendant would investigate the matter.

22.  Having received no update from Ms. Wilgus, Plaintiff made follow-up inquiries to her via email on May 4, 2010, and May 18, 2010. Exhibit A to the Complaint contains a true and accurate copy of Plaintiff's May 18, 2010 email to Ms. Wilgus. (Plaintiff does not possess a copy of her May 4, 2010 email.)

23. Ms. Wilgus responded to Plaintiff by sending the email found at the top of Exhibit A.

24. On June 29, 2010, at approximately 12:46 p.m., having received no further response or update from Ms. Wilgus or any other of Defendant's employees concerning her unpaid overtime, Plaintiff emailed the acting branch manager of Defendant's Jefferson, Georgia location, explaining that she needed to be paid for her unpaid overtime or "take the equivalent time next month." A true and accurate copy of that email is attached hereto as Exhibit B.

- 5 -

25. The acting branch manager responded to Plaintiff via email approximately one hour later and copied Ms. Wilgus, as well as another of Defendant's employees, Mary Beth Snelson, on that email transmission. A true and accurate copy of the branch manager's email to Plaintiff is attached hereto as Exhibit C.

26. At approximately 4:00 p.m. on June 29, 2010, i.e., approximately four hours after Plaintiff sent the email marked Exhibit B to her branch manager concerning her unpaid overtime and three hours after the branch manager responded to Plaintiff (with copies to Wilgus and Snelson) as shown on Exhibit C, Wilgus and Snelson arrived at Defendant's Jefferson, Georgia branch and terminated Plaintiff.

27. A month after Plaintiff's termination, Defendant deposited approximately $108.00 into her Regions Bank checking account without explanation or prior notice to Plaintiff. The deposit was preceded by a phone call from Ms. Wilgus, who asked Plaintiff only whether her checking account with Regions Bank remained open. Wilgus did not tell Plaintiff at that time that funds would be deposited into her account or explain why funds would be deposited into her account.

28. Plaintiff did not know the alleged purpose of the July 2010 payment until December 31, 2010, when, for the first time, Defendant's counsel represented to Plaintiff's counsel that the payment covered Plaintiff's claim of unpaid overtime.

Prior to December 31, 2010, Plaintiff assumed that the payment represented earned but unused vacation or sick leave.

29. Defendant's unexplained-at-the-time payment of approximately $108.00 to Plaintiff was an invalid, willful attempt to evade legal responsibility for its FLSA liabilities to Plaintiff.

**Count I—Claim for Unpaid Overtime (Violation of 29 U.S.C. § 207)**

30. Plaintiff incorporates the preceding paragraphs of this Complaint in this Count I by reference as if they were fully stated herein.

31. Defendant violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing and refusing to pay all earned overtime wages as required by law to Plaintiff, who is a non-exempt employee.

32. Defendant's violation of the FLSA was "willful," as defined by the Act, and Defendant's failure and refusal to comply with the FLSA constitutes a willful violation of Section 7(a) of the FLSA, 29 U.S.C. 207(a), for purposes of determining the applicable statute of limitations under 29 U.S.C. § 255(a). Defendant's willfulness is shown by, among other things, its attempted use of "comp time" in lieu of overtime compensation and such other evidence as may be shown.

33. Plaintiff is entitled to all such unpaid overtime compensation and an additional, equal amount as liquidated damages, for all uncompensated, overtime hours worked by her at any time during the three-year period immediately preceding the filing of this lawsuit pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

## Count II—Claim for Retaliation (Violation of 29 U.S.C. § 215)

34. Plaintiff incorporates the preceding paragraphs of this Complaint in this Count II by reference as if they were fully stated herein.

35. Plaintiff was and is entitled by Section 15 of the FLSA, 29 U.S.C. § 215, to engage in and assert FLSA protected activities and rights without retaliation.

36. Plaintiff's oral and written inquiries and complaints regarding her unpaid overtime compensation are protected activities under Section 15 of the FLSA. *See EEOC v. White & Sons Enterprises,* 881 F.2d 1006, 1011 (11th Cir. 1989).

37. Defendant terminated Plaintiff as retaliation for exercising her FLSA rights and challenging Defendant's illegal and improper overtime practices.

38. Defendant did not terminate Plaintiff for good cause or on lawful grounds.

39. As a result of Defendant's illegal retaliation, Plaintiff is entitled to recover all "relief as may be appropriate to effect the purposes of" the FLSA's anti-retaliation provision. 29 U.S.C. § 216(b).

40. Plaintiff is specifically entitled to her lost wages, including both front and back pay, liquidated damages in an equal amount, attorneys' fees, prejudgment interest, and the costs of this litigation as a result of Defendant's retaliation.

Wherefore, Plaintiff prays

(a) that process issue against Defendant as provided by law;

(b) that, as to Count I, the Court enter judgment against Defendant and in favor of Plaintiff for her unpaid overtime wages pursuant to 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, prejudgment interest, court costs, and reasonable attorneys' fees, all as provided by 29 U.S.C. § 216;

(c)  that, as to Count II, the Court enter judgment against Defendant and in favor of Plaintiff for her lost wages, including both front and back pay, liquidated damages in an equal amount, attorneys' fees, prejudgment interest, and the costs of this litigation; and

(d) for such further and additional relief as the Court deems just and equitable.

This 1st day of August, 2011.

ORR BROWN JOHNSON LLP

Post Office Box 2944
Gainesville, Georgia 30503
770-534-1980
770-536-5910 (facsimile)
dmarlowe@orrbrownjohnson.com
eworr@orrbrownjohnson.com
kbrown@orrbrownjohnson.com

/s/ Dustin Marlowe
Dustin Marlowe (Ga. Bar No. 773538)
E. Wycliffe Orr, Sr. (Ga. Bar No. 554500)
Kristine Orr Brown (Ga. Bar No. 554630)

ATTORNEYS FOR PLAINTIFF